IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCHETTA BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-419-ECM-CWB |
| ) | (WO) |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Petitioner Marchetta Brown filed a petition for writ of habeas corpus asking this Court to order the Elmore County Circuit Court to release her from county jail, where, according to Brown, she is being unlawfully held following her July 12, 2022 arrest on a material witness warrant. Doc. 1. For the reasons that follow, the Court recommends that Brown's petition be dismissed without prejudice.

**II. DISCUSSION**

On the Civil Cover Sheet accompanying her petition, Brown indicates that she is proceeding under 28 U.S.C. § 2254. Doc. 1-7. However, § 2254 is only an appropriate vehicle for seeking federal habeas relief where the petitioner is "in custody pursuant to the judgment of a State court." *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (quoting 28 U.S.C. § 2254(a)). The appropriate vehicle for a petitioner who, as here, is seeking release from state custody not based on a state conviction is a petition for writ of habeas corpus under 28 U.S.C. § 2241, which permits a federal court to issue a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

To satisfy the requirements of 28 U.S.C. § 2241, a petitioner must be "in custody" and must have "exhausted all available state court remedies."[1] *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488–90 (1973). Brown, who is being held in the Elmore County Jail, is unquestionably "in custody" for purposes of § 2241. However, Brown does not aver that she took any action to exhaust her remedies in state court before filing a petition in this Court—even though an avenue for redress exists under state law. *See* ALA. CODE § 15-21-1 ("Any person who is … restrained of his liberty in the State of Alabama on any criminal charge or accusation or under any other pretense whatever … may prosecute a writ of habeas corpus according to the provisions of this chapter… . "). Accordingly, and although a § 2241 petition under other circumstances might be a proper procedural vehicle, Brown cannot bring such a petition in this Court until she first exhausts her state court remedies. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("[H]abeas corpus actions require a petitioner fully to exhaust state remedies . . ."); *Braden*, 410 U.S. at 489 (remedies are ordinarily not considered exhausted if a petitioner may still present claims to the state courts by an available and adequate procedure).

---

[1] Although the statutory language of § 2241 does not contain an exhaustion requirement, this circuit has determined that the requirements of 28 U.S.C. § 2254, including exhaustion of state remedies, apply to the subset of petitioners to whom § 2241(c)(3) applies. *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004). *See also Thomas*, 371 F.3d at 812 (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). The exhaustion requirement is satisfied by presenting the claim to the proper lower state court and then seeking review through the highest state court with jurisdiction to consider the claim. *Dill*, 371 F.3d at 1303 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

### III.  CONCLUSION

The undersigned RECOMMENDS that the petition for writ of habeas corpus (Doc. 1) be DISMISSED WITHOUT PREJUDICE due to Brown's failure to plead or demonstrate exhaustion of her state court remedies.

It is further ORDERED that, by August 4, 2022, the parties may file written objections to this Recommendation.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of July 2022.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**